**UNITED STATES of America,**
**Appellee,**

v.

**Andrew BIGGS, a/k/a Blockhead, a/k/a AB, Charity Downes, Carlene Hayes, a/k/a Connie, Edward Brown, Tracy Gilbert, a/k/a Sumo, Albert Levesque, Mark St. Francis, Defendants,**

**Bobby J. Desrochers, a/k/a Robert J. Desrochers, Defendant–Appellant.**

**No. 06–3196–cr.**

United States Court of Appeals, Second Circuit.

April 14, 2008.

Tristram J. Coffin, Assistant U.S. Attorney (Gregory L. Waples, Assistant U.S. Attorney, on the brief), U.S. Attorney's Office for the District of Vermont, Burlington, VT, for Appellee.

Bobby J. Desrochers, pro se, Bradford, PA, for Defendant–Appellant.

PRESENT: JOSÉ A. CABRANES, RICHARD C. WESLEY, Circuit Judges, P. KEVIN CASTEL, District Judge.*

## SUMMARY ORDER

Defendant-appellant Bobby J. Desrochers appeals from a judgment dated June 29, 2006, convicting him, pursuant to a plea of guilty, of one count of conspiracy to import 100 kilograms or more of marijuana in violation of 21 U.S.C. §§ 963, 960(b)(2), 851, and one count of conspiracy to distribute five kilograms or more of cocaine in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), 851. The District Court calculated the advisory sentencing guidelines range to be 292 to 365 months but sentenced Desrochers principally to 144 months' imprisonment pursuant to a downward departure—a departure of fifty-one percent from the bottom of the range—in light of the substantial assistance that Desrochers provided the government. *See* U.S.S.G. § 5K1.1. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues on appeal.

Desrochers challenges his conviction on jurisdictional grounds and his sentence on constitutional grounds; he also seeks resentencing because of the vacatur of a state conviction that subjected him to a mandatory ten-year term of supervised release. Only this latter argument has merit.

 With respect to jurisdiction, Desrochers urges that, pursuant to the Foreign Sovereign Immunities Act ("FSIA"), 28 U.S.C. § 1330, he is immune from federal prosecution as a "Sovereign American." Because Desrochers is not a "foreign state" and this is not a civil action, FSIA has no application here. *See* 28 U.S.C. §§ 1330(a), 1603. Desrochers also

---

* The Honorable P. Kevin Castel, U.S. District Judge for the Southern District of New York, sitting by designation.

contends that the federal courts have no jurisdiction over this case because his prosecution was not authorized by the State of Vermont. No such authorization is necessary, of course, as Article III of the U.S. Constitution vests the judicial power of the United States, which extends to "all Cases ... arising under ... the Laws of the United States" in federal courts, and 18 U.S.C. § 3231 grants "[t]he district courts of the United States ... original jurisdiction, exclusive of the courts of the States, of all offenses against the laws of the United States."

As for his sentence, Desrochers asserts that the District Court's application of two enhancements—one for his leadership role in the conspiracy and the other for his use of a dangerous weapon—violated the Fifth and Sixth Amendments to the U.S. Constitution because the facts underlying those enhancements were found by the District Court by a preponderance of the evidence and not by a jury beyond a reasonable doubt. We have previously considered and rejected this proposition. *See United States v. Johnson,* 507 F.3d 793, 797 (2d Cir.2007) ("[D]istrict courts may find facts relevant to sentencing—as opposed to elements of the offense—by a preponderance of the evidence."); *United States v. Salazar,* 489 F.3d 555, 558 (2d Cir.2007) (per curiam) ("[D]istrict court[s][are] required to use the preponderance of the evidence standard ... in finding facts relevant to sentencing for Guidelines calculation purposes."). Desrochers's challenge to his sentence, like his challenge to his conviction, is devoid of merit.

■ The vacatur of Desrochers's 1992 state felony drug conviction, however, warrants a remand to allow the District Court to determine whether resentencing is appropriate. Because of his "prior conviction for a felony drug offense," Desrochers was subject to a mandatory term of supervised release of at least ten years pursuant to 21 U.S.C. § 841(b)(1)(A). While the District Court had discretion not to impose this mandatory minimum in light of Desrochers's "substantial assistance" to the government, *see* 18 U.S.C. § 3553(e), it nevertheless imposed a ten-year term of supervised release. It is unclear from the record whether the District Court would have imposed a ten-year term of supervised release had it known that Desrochers was not subject to the statutory minimum. The government does not oppose a remand to allow the District Court to determine whether the vacatur of Desrochers's state conviction warrants resentencing.

Accordingly, we AFFIRM, in part, the District Court's judgment and REMAND the case to the District Court for the sole purpose of determining whether resentencing is warranted in light of the vacatur of Desrochers's 1992 state felony conviction.